IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                     No. CR 04-2040 JB

LOUIS ANTHONY DAPRANO, a.k.a.
LOUIS ANTHONY GRAVINA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Return of Property, filed April 17, 2008 (Doc. 187)("Motion"). The Court held a hearing on July 3, 2008. The primary issue is whether the Court should order the United States to release property seized, some unlawfully, to Defendant Louis Daprano or allow the United States to transfer the items as evidence to the State of New Mexico, which begins the prosecution of Daprano on state charges on July 7, 2008. Because the items seized may be admissible evidence in the pending state-court case, and because the trial is set to begin next week, and for reasons stated at the hearing, the Court will grant the motion in part and deny the motion in part. The Federal Bureau of Investigation will make the items available for inspection by the State's attorney, Mr. Brett R. Loveless and by Daprano's state counsel, Mr. Steve Archibeque, at 2:30 p.m. on July 3, 2008 at FBI Headquarters in Albuquerque, New Mexico. The Court will allow the Federal Bureau of Investigation to transfer the items to the State of New Mexico on Monday morning, July 7, 2008, and the Albuquerque Police Department will make the items available to use as evidence until the State of New Mexico concludes the state trial. All items not used in the state trial as evidence must be returned to the FBI immediately after

the state trial for return to Daprano. The motion is denied as to any items used in the trial.

## FACTUAL BACKGROUND

Personal property belonging to Daprano was seized from his vehicle in New York State. See Motion ¶ 1, at 1. Daprano has attached to his motion an inventory of property seized as evidence, property otherwise taken, and property secured by the North Greenbush Police Department. See Exhibit 2, Federal Bureau of Investigation Report (dated August 17, 2004)(Doc. 187-2)("Inventory"). The property included Fuji Film computer compact discs, handwritten notes, computer laptops, a Nikon N75 camera, a Nikon CoolPix 4300 camera with memory card in camera, a black nylon camera bag, a religious pouch containing a Eucharist, and thirty five music compact discs. See Motion, Exhibit 2, FBI Inventory at 3-18.

## PROCEDURAL BACKGROUND

On October 14, 2004, a federal grand jury indicted Daprano in the United States District Court for the District of New Mexico on multiple counts, including Bank Fraud. See Doc. 4. On February 18, 2005, Daprano filed a motion to suppress, alleging that items seized during the executions of search warrants in New Mexico and New York were seized illegally. See Doc. 20. The FBI has had custody of the items that were the subject of the motion to suppress since the grand jury returned the indictment.

On or about October 25, 2004, a New Mexico state grand jury returned a sixty-four count indictment against Daprano in the Second Judicial District Court, State of New Mexico, in D-202-CR-200404328. See State v. Daprano, D-202-CR-2004-04328, available at: http://www.nmcourts.gov/caselookup/app?component=cnLink&page=SearchResults&service= direct&session=T&sp= SD-202-CR-200404328. The charges include criminal sexual contact of a minor child, practicing without a license, and enticement of a child. See id. That case is currently pending trial. See Pre-

Sentence Investigation Report ¶ 59, at 16-17, disclosed February 26, 2008.

On December 13, 2006, the Court denied Daprano's motion to suppress evidence. See Memorandum Opinion and Order, filed December 13, 2006 (Doc. 138)("December 13, 2006 Opinion"). The Court found that the officers illegally obtained evidence from Daprano, but held that the independent-source and independent-discovery doctrines "save[d] the otherwise illegally obtained evidence in question" and denied Daprano's motions to suppress. Id. at 25. The officers' discovery of the New Mexico Educators Federal Credit Union ("NMEFCU") lien would have been inevitably discovered because of "the investigators' independent knowledge of Daprano's Gravina alias." Id. at 27. The Court also noted that, "[i]ndependent of the illegal searches of Daprano's residence and place of employment, [a United States Marshal] discovered that Daprano used the alias Gravina and that a black Volkswagen Jetta, New Mexico license plate number GGK 891, was registered to Gravina." Id. at 29. The Court explained that the discovery of the NMEFCU lien would have inevitably lead to the discovery of the fraudulent documents Daprano gave NMEFCU to obtain the loan for the vehicle. See id. The Court did not suppress the fraudulent documents from the NMEFCU and the Albuquerque Family Child Guidance Center as fruit of the poisonous tree. See id. at 34.

After the Court decided his motion to suppress, Daprano begin to negotiate a plea agreement and the return of his property. On March 20, 2007, Daprano's counsel, Assistant Federal Public Defender Roger A. Finzel, in a letter to Assistant United States Charles Barth, detailed the property that Daprano has been attempting to recover. See Motion, Exhibit 1, Letter from Roger A. Finzel to Chuck Barth (dated March 20, 2007). Daprano attached to his letter an inventory from various government documents of the property that he sought to recover. See id. at 1-2.

On August 16, 2007, Daprano entered a plea of guilty to one count contained in the federal

indictment. See Plea Agreement ¶ 3, at 2, filed August 16, 2007 (Doc. 164). On April 17, 2008, the Court sentenced Daprano to a term of imprisonment of 1332 days or time served, three-years supervised release, and a $100.00 special-penalty assessment, and ordered Daprano to pay restitution in the amount of $9,717.14. See Doc. 190.

Daprano contends that Mr. Barth told the state prosecutor in the state case that the state could have relevant evidence from this federal case if the state first obtained a proper court order. See Motion ¶ 5, at 2. The United States represents that the United States Attorney's office told the State of New Mexico District Attorney's Office "that some type of subpoena or court order would be preferred in order to release the property from Federal custody to state custody." Government's Response to Defendant's Motion for Return of Property Filed April 17, 2008, filed May 22, 2008 (Doc. 192)("Response"). Daprano asserts that this information was conveyed to the Assistant District Attorney by no later than the summer of 2007. See Motion ¶ 5, at 2. Daprano alleges that, rather than obtain a proper court order, state authorities misrepresented their authority to the FBI and wrongfully obtained Daprano's property. See id.

Daprano further alleges that, in October of 2007, agents of the State of New Mexico and/or an Assistant District Attorney of the State of New Mexico contacted the FBI agent in this federal case. See Motion ¶ 4, at 2. Daprano alleges, on information and belief, that Dita Dow, an Albuquerque officer, misrepresented to an FBI agent that she had authority from Mr. Barth to obtain this material for purposes of prosecuting the state case against Daprano. See id. ¶ 6, at 2-3. Daprano maintains that, in the contact between the state and the FBI agent, the FBI agent was told that Mr. Barth had approved release of all of the evidence in the federal case to the State of New Mexico and its agents. See id. Daprano maintains that such representation was false and that it was false when it was made. See id. ¶ 4, at 2. Daprano alleges that Dow wrongfully seized the property. See id. ¶

6, at 2-3.

Daprano also asserts, on information and belief, that, subsequent to the State's acquisition of the property under false pretenses, Mr. Barth, for the United States, made demand of the State of New Mexico to return all the property to the FBI.  See id. Although Mr. Barth has provided Daprano's counsel a viewing of this property, the United States continues to refuse to return the property without a court order.  See id. ¶ 8, at 3.  Upon viewing this material, Daprano's counsel noticed evidence tags indicating State of New Mexico Metropolitan Evidence with numbers and an entry date of October 26, 2007.  See id. ¶ 6, at 2-3.

On April 17, 2008, Daprano was released from federal custody to a detainer from the Second Judicial District Court to face trial in D-202-CR-200404328.  See Response at 2.  Daprano is currently incarcerated at the Metro Detention Center pending trial in his state case.  See id.; Inmate Search Result, available at: http://www.bernco.gov/upload/images/mdc/inmates/CustodySearch1.asp?submitted=true.  Also, on April 17, 2008, Daprano filed his motion for return of property.  See Doc. 187.  Daprano requests, pursuant to rule 41(g) of the Federal Rules of Criminal Procedure, the return of all property seized from him.  See id. at 1.  Daprano seeks the return of all of the property on the inventories that he has attached to his motion.  See id. ¶ 7, at 3.  Daprano requests that this property be returned to him at the earliest possible opportunity.  See id. at 3.

While the federal criminal proceedings against Daprano have concluded, Daprano is currently in state custody pending trial in D-202-CR-200404328.  See Response at 2; Inmate Search Result, available at: http://www.bernco.gov/upload/images/mdc/inmates/CustodySearch1.asp?submitted=true. The District Attorney's Office for the Second Judicial District is prosecuting that case, and that office has requested that all items which the FBI currently is holding

in evidence be transferred to state custody to be used in the upcoming state trial. The United States Attorney's Office advised the District Attorney's Office that a subpoena or court order would be preferred to release the property from federal custody to state custody.

As a result, in April 2008, the District Attorney's Office filed a motion for an order directing the FBI to transfer custody of the property to the Albuquerque Police Department for evaluation and possible use in Daprano's upcoming state trial. See Response at 3. The Assistant District Attorney assigned to prosecute the state case indicated to the United States that the Second Judicial District Court would hear the motion in June 2008. See id.

On May 22, 2008, the United States filed the Government's Response to Defendant's Motion for Return of Property Filed April 17, 2008. See Doc. 102. In the United States' response to Daprano's motion for return of property, the United States stated that it opposes Daprano's motion. See id. at 1.

At the hearing in state court in June on the State's motion to transfer the property to the State for trial, Daprano was able to assert any claims he has for return of the property. See id. at 3. On June 26, 2008, the Honorable Albert S. "Pat" Murdoch, District Court Judge for the Second Judicial District Court, entered an Order Compelling Transfer of Evidence. See State v. Daprano, No. CR 2004-04328, Order Compelling Transfer of Evidence, Second Judicial District Court for the State of New Mexico (2008), filed June 30, 2008 (Doc. 198). Judge Murdoch stated that, after reviewing the pleadings and the State of New Mexico's Motion for Order Compelling Transfer of Evidence, and after being otherwise fully advised, the motion was well taken and ordered that the FBI should transfer the evidence in its possession, that relates to Daprano, to the Albuquerque Police Department. See id. at 4. Brett R. Loveless, Assistant District Attorney, submitted the order to Judge Murdoch, and Steve Archibeque, Daprano's attorney for the state case, approved the order

as to form only.  See id. at 5.

That same day, June 26, 2008, Mr. Loveless had a conversation with Mr. Barth and indicated that the state trial is set to begin on July 7, 2008.  See Letter from Brett R. Loveless, Assistant District Attorney to Charles Barth (dated June 26, 2008)(Doc. 198).  Later that day, Mr. Loveless also sent Mr. Barth, by facsimile transmission, a letter enclosing Judge Murdoch's Order Compelling Transfer of Evidence, which was filed on June 26, 2008.  See id. at 3.  Mr. Loveless asked Mr. Barth when the evidence is available to be transferred.  See id.

On June 30, 2008, Mr. Barth wrote the Court a letter, sent the letter to the Court by facsimile transmission, reminded the Court that Daprano's rule 41(g) motion for return of property was pending, enclosed the facsimile transmission from Mr. Loveless indicating that Daprano's state case in CR 2004-04328 is currently set for trial beginning on July 7, 2008, and included the order signed by Judge Murdoch ordering the FBI to transfer the evidence in its possession that relates to Daprano to the Albuquerque Police Department.  See Letter to the Court from Charles L. Barth (dated June 30, 2008).  Mr. Barth indicated that he had discussed this matter with Mr. Finzel and that Mr. Finzel continues to oppose the release of property to the Albuquerque Police Department.  See id.  Mr. Barth stated that, should the Court wish to address this matter, the parties were available for consultation at the Court's convenience.  See id.  On July 1, 2008, the Court set a hearing on Daprano's motion for July 3, 2008.  See Doc. 199.

On July 3, 2008, Daprano filed a supplementary memorandum in support of his motion.  See Defendant's Supplementary Memorandum in Support of Motion to Return Property, filed July 3, 2008 (Doc. 206).  Daprano contends that Judge Murdoch's Order Compelling Transfer of Evidence "lacks any kind of specificity."  Id. ¶ 4, at 2.  Daprano argues that Judge Murdoch "makes no findings of fact[s] or conclusions of law to support [his] order."  Id.  Daprano notes that among the

items specified in his motion for return of property are a Nikon 4300 camera with memory card, a poem entitled "The Psychotherapist," a Nikon N75 camera, a black nylon camera bag, a religious pouch containing a Eucharist, and forty-one compact discs which Daprano's counsel "believes are commercially produced CDs of music." Id. ¶ 4, at 2-3.  Daprano argues that the "state is engaged in a fishing expedition." Id. ¶ 7, at 3.  Daprano states that he is preparing for trial and "must be given access to his property for these reasons." Id.  "In general, counsel submits that the Second Judicial District Court's Order is lacking in any specificity of what property is to be taken and, therefore, constitutes a general warrant prohibited under the Constitution of the United States by the Fourth and Fifth Amendments of the United States Constitution." Id. ¶ 8, at 3.

## LAW REGARDING RULE 41(g)

Rule 41(g) of the Federal Rules of Criminal Procedure provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).  Equitable principles govern a rule 41(g) motion.  See Floyd v. United States, 860 F.2d 999, 1002-1003 (10th Cir. 1988)(discussing former rule 41(e)).  The defendant bears the burden of establishing under rule 41(g) that "the retention of the property by the government is unreasonable." In re Matter of Search of Kitty's East, 905 F.2d 1367, 1375 (10th Cir. 1990). "Rule 41(e) jurisdiction should be exercised with caution and restraint." Floyd v. United States, 860 F.2d at 1003.  "A Rule 41(e) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury." See id.

In United States v. Copeman, 458 F.3d 1070 (10th Cir. 2006), the United States Court of

Appeals for the Tenth Circuit noted that "[w]hen state avenues of relief are open to the movant, he cannot show an inadequate remedy at law." Id. at 1073 (internal quotation marks and brackets omitted). In United States v. Copeman, the defendant sought return of property seized and held by state law-enforcement officers. See id. at 1071. The property was also "the subject of state judicial-forfeiture proceedings when [the defendant] filed his Rule 41(g) motion." Id. The defendant contended that the state judicial-forfeiture proceedings were an inadequate remedy. See id. at 1073. The Tenth Circuit stated, "to the extent that [the defendant] contends that state judicial-forfeiture proceedings do not provide an adequate remedy because he has a greater burden of persuasion in those proceedings . . . . [a] remedy may still be adequate, even if imperfect." Id. at 1073. See United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991)(holding that a defendant's motion for return of property "may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.").

## ANALYSIS

Daprano contends that those items that were seized which are of no evidentiary value in the federal case should be turned over, because there is no reason for the United States to be holding them. Daprano represents that these items have not been involved in any case, they have not been identified as any evidence, and they are his personal property. Daprano identifies those items on a separate list attached to his motion. Daprano asserts that other items, consisting of computers, computer hard drives, professional paperwork, etc. are no longer of any evidentiary value in this case, because he has entered a guilty plea and has been sentenced.

It is impossible for the Court to determine the evidentiary value in the pending state case of any of the items that the FBI currently holds. Even Daprano maintains, however, that these items

may or may not have any evidentiary value in the state case, which is presently pending in the Second Judicial District Court of the State of New Mexico in Bernalillo County, New Mexico. As a result, the Court is reluctant to release anything to Daprano now that the state court has granted the state's motion to transfer these items from federal to state custody. The Court believes that the United States' continued temporary retention of the property is reasonable pending resolution of the New Mexico trial.

Daprano notes, however, that all of the items on his separate list were wrongfully seized and obtained by misrepresentation from the custody of the Federal Bureau of Investigation. Whether the misrepresentation was knowingly made is irrelevant now, because the FBI has re-obtained custody. Moreover, the Court denied the motion to suppress, so the materials may be admitted in the state case.

The Court will grant in part Daprano's rule 41(g) motion for return of property. The FBI will make the items available for inspection by Mr. Loveless and Mr. Archibeque at 2:30 p.m. on July 3, 2008, at FBI Headquarters in Albuquerque. The Court will allow the pending state court proceedings to move forward to final resolution. The United States may transfer the items that the FBI currently holds as evidence from federal custody to state custody on Monday, July 7, 2008. Once the trial is over, the United States should obtain custody over all items not used in the trial and transfer those items to Daprano immediately.

**IT IS ORDERED** that the Defendant's Motion for Return of Property is granted in part and denied in part consistent with the opinion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Charles L. Barth
  Supervisory Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Roger A. Finzel
  Assistant Federal Public Defender
Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*