IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                    No. CR 04-2040 JB

LOUIS ANTHONY DAPRANO, a.k.a.
LOUIS ANTHONY GRAVINA

       Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Letter from Louis A. Daprano to the Court (dated June 25, 2009), filed June 25, 2009 (Doc. 209). The Court held a hearing on November 2, 2009. The primary issues are: (i) whether the Court should order that the United States, the State of New Mexico, and the State of New York return to Defendant Luis Anthony Daprano property seized in New York; and (ii) whether the Court should discharge Daprano from his remaining supervised release. Because the Court has already ordered the evidence in New Mexico returned to the Federal Bureau of Investigation after the state court trial concluded, the Court will require compliance with the Court's prior order. Because the state proceedings are not concluded, the Court will not release Daprano from his supervised release.

Rule 41(g) of the Federal Rules of Criminal Procedure permits a person aggrieved by an unlawful search and seizure, or deprivation of property, to move for the property's return. Rule 41(g) requires, however, that "[t]he motion must be filed in the district where the property was seized." Fed. R. Crim. P. 41(g). Daprano requests the Court to order the State of New York to return Daprano's property that the North Greenbush Police Department seized in North Greenbush,

New York, on August 23, 2004. Because the property at issue was not seized in the district of New Mexico, however, the Court does not have jurisdiction to order the State of New York to return the property. The Court, therefore, denies that portion of Daprano's request.

The Court previously ordered the United States to retrieve Daprano's property from the State of New Mexico at the conclusion of the state-court trial, return the property to the possession of the Federal Bureau of Investigation, and for the FBI to transfer the property to Daprano. See Memorandum Order and Opinion, filed July 3, 2008 (Doc. 207). The property has not yet been returned to Daprano. Moreover, neither the State of New Mexico nor Daprano used any of the items in the State's possession in the state-court trial. The Court, therefore, orders that the State of New Mexico must return Daprano's property to the FBI no later than ten days from the November 2, 2009 hearing. The State may catalog and/or photocopy the items as it deems necessary. The Court further orders that the FBI has ten addition days from the time that the State of New Mexico transfers Daprano's property to the FBI to transfer the property to Daprano's designated agent.

Daprano also requests that the Court discharge him from his supervised release. For the reasons stated on the record, and further reasons consistent with those already stated, the Court denies Daprano's request without prejudice to him renewing the request when his state proceedings are completed.

**IT IS ORDERED** that the requests in the Letter from Defendant Louis A. Daprano to the Court (dated June 25, 2009) are granted in part and denied in part. The Court denies Daprano's request to order transfer of his property from New York and denies his request to discharge him from his remaining supervised release. The Court grants Daprano's request to uphold the Court's prior order for the State of New Mexico and the United States to return Daprano's property in New Mexico, and orders that the State of New Mexico transfer that property no later than ten days from

November 2, 2009 to the Federal Bureau of Investigation and orders the FBI to postmark transfer of Daprano's property to his designated agent no later than twenty days from November 2, 2009.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Charles L. Barth
  Supervisory Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Brett Lovelace
  Second Judicial Department Assistant District Attorney
Bernalillo County, New Mexico

     *Attorney for the State of New Mexico*

Roger A. Finzel
  Assistant Federal Public Defender
Albuquerque, New Mexico

     *Attorney for the Defendant*