IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                           No. 04-CR-02040-JB-KBM

LOUIS ANTHONY DAPRANO,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on an Order of Reference [Doc. 264], pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3), "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the issues raised in Louis Daprano's letter dated March 27, 2014 (Doc. 263)." The Court, having reviewed Defendant's submissions, the relevant law, and being otherwise fully advised in the premises, recommends that the relief requested in Defendant Louis Anthony Daprano's March 27, 2014 and October 20, 2015 letters [Docs. 263, 266] be denied without prejudice and that the Clerk of the Court be directed to open a new civil case pursuant to 42 U.S.C. § 1983 for these documents.

On April 17, 2008, Defendant plead guilty to Bank Fraud in violation of 18 U.S.C. § 1344(1)/(2) and was sentenced "to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 1332 days or time served, whichever is less." [Doc. 197]  On March 27, 2014, Defendant, proceeding *pro se*, submitted a letter to the Court, which he characterized as "a formal motion for action" regarding the conditions of his confinement at the Lea County Correctional Facility (LCCF).  [Doc. 263 at 1]  Specifically, Defendant complains

about the following issues: (1) the failure of the Regional Medical Director to approve a follow-up visit with a nephrologist regarding Defendant's kidney cysts; (2) the failure to provide dental care for a broken tooth; (3) the failure to provide replacement lenses for Defendant's personal eyeglasses; (4) arbitrary censorship of Defendant's mail; and (5) the incompetence of the grievance procedures at LCCF. [Doc. 263] Defendant contends that he has "exhausted all of [his] administrative remedies within the state." [Doc. 263]

On October 20, 2015, Defendant submitted a subsequent letter informing the Court that "[t]he problems enumerated in [his] March 27th letter . . . still exist and in a number of ways have gotten even worse." [Doc. 266] Defendant's October 20th letter also raises "serious issues" regarding the conditions of his confinement at LCCF, which he alleges are "a violation of [his] federal and state rights and [New Mexico Corrections Department] policies." [Doc. 266] Specifically, Defendant alleges that: (1) he has been held in non-punitive segregation for 93 days; (2) the Administrative Captain, B. Buckelew, and Deputy Warden of Security, J. Beaird, have been "limiting [his] access to attorneys and the courts"; (3) he has been deprived of writing paper, stamps, stamped envelopes, manila envelopes, pen, and paper due to the imposition of "restricted commissary"; and (4) the proposed transfer of Defendant from LCCF to the general population in a Level IV facility poses an imminent threat of physical harm. Defendant contends that he has exhausted his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) and seeks injunctive relief. [Doc. 266]

Defendant does not challenge the legality of his federal conviction or sentence. Rather, he challenges the conditions of his confinement in the custody of the New Mexico Department of Corrections. "[A] prisoner who challenges the conditions of his confinement must do so through

a civil rights action." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Indeed, a civil rights action under 42 U.S.C. § 1983 is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Because a civil rights action under 42 U.S.C. § 1983 is the proper vehicle in which to pursue the issues raised Defendant's March 27, 2014 and October 20, 2015 letters, the Court will recommend that the relief requested be denied without prejudice and that the Clerk of the Court be directed to open a new civil case pursuant to 42 U.S.C. § 1983 for these documents.

IT IS HEREBY RECOMMENDED that the relief requested in Defendant's March 27, 2014 [Doc. 263] and October 20, 2015 [Doc. 266] letters be denied without prejudice and the Clerk of the Court be directed to open a new civil case pursuant to 42 U.S.C. § 1983 for these documents.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE